## COURT OF APPEALS.

### March 6, 1923

## THE PEOPLE v. WALTER J. HICKEY.

(235 N. Y. 188.)

(1) BURGLARY IN FIRST DEGREE—ESSENTIALS OF CRIME—ERRONEOUS REFUSAL TO CHARGE THAT JURY CANNOT CONVICT IF THEY FIND THERE WAS NO HUMAN BEING IN HOUSE AT TIME OF ENTRY—ERRONEOUS ADMISSION OF EVIDENCE AS TO WHAT WITNESS ON TRIAL PREVIOUSLY TESTIFIED TO BEFORE GRAND JURY.

An essential ingredient of the crime of burglary, first degree, is that the breaking and entry must be in the night time, into the dwelling of another, in which there is at the time a human being. (Penal Law, § 402.) Where, therefore, the evidence in the record not only fails to meet that requirement of the law but discloses that any breaking and entry occurred at a time when no human being was in the house, it was error for the trial judge to refuse to charge "that, if the jury find that there was no human being in this house at the time the alleged entry was made by the defendant, then the jury cannot convict the

defendant of burglary, first degree.'' The error is accentuated where the judge in the course of his charge stated that if the jury did not believe the defendant guilty of burglary in the first degree they might consider whether he was guilty of burglary in the second or third degree, but omitted to call to the attention of the jury or instruct them as to the elements constituting those crimes.

(2) SAME—PREJUDICIAL REMARKS OF COURT ON OVERRULING MOTION TO STRIKE OUT.

The admission of evidence as to what a witness on the trial had previously testified to before the grand jury and remarks of the court, in denying a motion to strike out, characterizing her as an ''unwilling witness,'' which may have resulted in the jury treating her evidence before the grand jury as controlling against defendant, were erroneous, and exceptions to the admission of such evidence and to the remarks of the court in overruling the motion to strike out were well taken.

People v. Hickey, 199 App. Div. 140, reversed.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the Third Judicial Department, entered February 8, 1922, which affirmed a judgment of the Rensselaer County Court rendered upon a verdict convicting the defendant of the crimes of burglary and grand larceny in the first degree.

*William H. Murray* and *John F. Murray,* for appellant. The motion to dismiss the indictment should have been granted. (People v. Bennett, 49 N. Y. 137; Sullivan v. People, 27 Hun, 35; People v. Ledwon, 153 N. Y. 10.) Serious and grave error was committed by the trial court in refusing to charge the jury as requested by defendant that if the jury find that there was no human being in this house at the time the alleged entry was made by defendant then the jury cannot convict of burglary first degree. (People v. Walker, 198 N. Y. 329.) It was error to permit a witness to testify to what he heard a witness testify to before the grand jury. (People v. Cascia, 191 App. Div. 376; People v. Wolf, 183 N. Y. 464; Koester v. Rochester Candy Works, 194 N. Y. 92.)

*Timothy J. Quillinan, District Attorney (Abbott H. Jones,*

of counsel), for respondent.    The crime of burglary in the
first degree was established.    (People v. Gartlant, 30 App.
Div. 535.)    The court's refusel to charge that if the jury find
that there was no human being in this house at the time the
alleged entry was made by the defendant, then the jury cannot
convict of burglary in the first degree was proper.    The People
had a right to cross-examine the witness Kelly where she un-
expectedly developed hostility, and to show that she was a
friend of one of the men indicted and to call to her attention
that she had testified to a certain statement of facts before the
grand jury inconsistent with those made by her on direct ex-
amination.    (Maloney v. Martin, 81 App. Div. 434; Bullard
v. Pearsall, 53 N. Y. 231; Cutler v. A. M. U. Express Co., 56
N. Y. 584; Remington Arms Co. v. Cotton, 190 App. Div.
610; People v. Sexton, 187 N. Y. 495; People v. Minsky, 227
N. Y. 94.)    The testimony in regard to what the witness Kelly
testified to before the grand jury was properly received in evi-
dence.    (People v. Hurlbut, 4 N. Y. 133; N. Y. Guaranty Co.
v. Gleason, 7 Abb. N. C. 334; Sanchez v. People, 22 N. Y.
147; Bullard v. Pearsall, 53 N. Y. 230.)

HOGAN, J.:

The defendant was charged by indictment with the crime of
burglary, first degree, in that on the 16th day of May, 1920, in
the night time, with intent to commit a crime, he did with
force and arms enter the dwelling house of George H. Burke,
in the city of Troy, in which house there was then a human
being, to wit, the said George H. Burke, and that he then and
there burglariously did steal, take and carry away certain
moneys and personal property of the said Burke.    A second
count of the indictment charged defendant with the crime of
grand larceny, first degree, in that, at the same time, he did
steal and carry away from the dwelling house of said Burke
the property of said Burke, to wit, the sum of four hundred
and twenty-seven dollars.

After a trial in the Rensselaer County Court the jury reported a verdict of guilty on both charges with a recommendation for mercy. Upon appeal to the Appellate Division, the judgment of conviction was, together with an order denying defendant's motion to set aside the verdict and for a new trial, and an order denying a motion for arrest of judgment, affirmed. The opinion of the Appellate Division recites that, notwithstanding exceptions of a serious nature appear in the record, the court was not only justified but compelled to disregard them under section 542 of the Code of Criminal Procedure. The opinion of the court then proceeds at length to a consideration of exceptions taken by counsel for defendant to rulings made by the court upon objections to questions asked of defendant by the district attorney on cross-examination, but is silent as to other material and prejudicial errors appearing in the record to which attention will be directed. As bearing upon such errors a narration of the details surrounding the crime is unnecessary. We shall confine this opinion to a statement of the evidence in so far as the same bears upon the exceptions to be considered.

The evidence of Catherine Kelly, a witness for the prosecution, was to the effect that she was the tenant of the apartment alleged to have been burglarized. The building, of which such apartment constituted a part, is situate on the corner of Broadway and Sixth avenue in the city of Troy. It is a three-story brick building, the first floor occupied as a garage, the second floor consisted of five rooms, three of which were rented by Catherine Kelly, the remaining two rooms and third floor being vacant. As will be observed, on the night of the 16th of May, 1920, Catherine Kelly was the sole occupant of the building in which was located the apartment in which the alleged crime was committed. Her evidence further discloses that she is not a resident of the city of Troy. She had lived in the apartment since April 1, 1920. The crimes charged were committed sometime after four o'clock Sunday morning, May 16th.

On Thursday morning, May 13th, the witness left her apartment, at which time the door leading into the same was locked. A rear door was unlocked due to the fact that the same was warped and could not be tightly closed or locked. She did not return to the apartment until midnight Saturday, at which time she found the doors as she had left them, and immediately went out and met one Burke. Together they went to a restaurant and later to the apartment of Catherine Kelly, where they arrived after four o'clock in the morning and there remained until the late afternoon following the commission of the crime.

Burke, as a witness, testified to an acquaintance with Catherine Kelly, corroborated her testimony that they were together as testified to by her, and unqualifiedly stated that the men who committed the crime were in the apartment before he and Catherine Kelly arrived there. His testimony comprised the only evidence of a breaking or wrongful entry into the apartment.

At the close of the charge of the trial judge to the jury, defendant's counsel requested the court to charge " that if the jury find that there was no human being in this house at the time the alleged entry was made by the defendant, then the jury cannot convict the defendant of burglary, first degree." The court declined to so charge and exception to such refusal was noted. Counsel also requested the court to charge that the evidence was undisputed that at the time Burke was in the room where this alleged occurrence took place, " that the entry by whoever was there in that room, was made prior to the time that Burke and Mrs. Kelly arrived in the room." The court stated, " I will leave that to the jury to say," to which defendant noted an exception.

An essential ingredient of the crime of burglary, first degree, is that the breaking and entry must be in the night time, into the dwelling of another, in which there is at the time a human being. (Penal Law, section 402.) The evidence in the record not only fails to meet that requirement of the law, but discloses

that any breaking and entry occurred at a time when no human being was in the house.

The error of the trial judge, in a refusal to charge as requested, was accentuated by the fact that in the course of his charge to the jury he stated that if the jury did not believe the defendant guilty of burglary in the first degree, they might consider whether he was guilty in the second degree, and if not, whether he was guilty of burglary in the third degree. He omitted, however, to call to the attention of the jury or instruct them as to the elements constituting the crime of burglary in the second or third degrees.

Further error was committed upon the trial. It appears from the record that after the commission of the crime, the defendant, one Lenehan and Catherine Kelly were arrested and charged with the commission of the crime; that Catherine Kelly was sworn before the grand jury. Upon her direct examination, evidently the district attorney believed that some of her testimony given upon the trial was not as definite and certain as that given by her before the grand jury. He then proved by her that she had been called as a witness before the grand jury, and thereupon he presented to her a paper upon which was her signature which she identified. Over objection and exception the district attorney was permitted to ask her if as a witness before the grand jury numerous questions read by him were propounded to her, and as to each question whether or not she made reply as read by him. To some of the questions asked her, she answered she did not remember. To other questions she admitted she answered in substance as read to her. Later and as part of the case of the People the district attorney called one Lowenstein, the stenographer who reported the proceedings before the grand jury, and he was permitted to testify, over objection and exception, as to questions asked Catherine Kelly before the grand jury and her replies to the same. In some instances the questions asked her upon the trial and answered by her corresponded with her evidence before the grand jury.

The result was that the trial jury had before it the evidence of the witness upon the trial, emphasized in several instances as being the identical evidence given by her before the grand jury and evidence in part on the trial somewhat at variance with the evidence before the grand jury. Counsel for defendant moved to strike out the evidence for reasons assigned by him and asked that the court instruct the jury to disregard the same. The court denied the motion, stating " that where a witness has become an unwilling witness, the district attorney has the right to resort to cross-examination in the interest of justice. It is different from civil action." Exception was taken to the ruling and the remarks of the court in overruling the objection.

The evidence of Catherine Kelly before the grand jury was erroneously admitted upon the trial of defendant, and the characterization of her as an unwilling witness by the trial justice may have resulted in the jury treating her evidence before the grand jury as controlling against defendant. The objections and exceptions noted to the admission of that evidence were well taken, and the exception to the refusal of the court to strike the same from the record and to the remarks of the court in overruling the motion and request were likewise well taken.

The errors herein discussed were material and prejudicial and require a reversal of the judgment.

The judgment of conviction should be reversed and a new trial granted.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, and CRANE, JJ., concur; ANDREWS, J., absent.

Judgment accordingly.